IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
(CIVIL DIVISION)

PRISCA O. OBELEAGU )
8806 CRANDALL ROAD )
LANHAM, MD, 20706 )
Individually and on behalf of all similarly )
situated persons, )
)
Plaintiffs, )
)
vs. )
)
NAVIENT SOLUTIONS, LLC )
2001 EDMOND HALLEY DR )
RESTON, VA, 20191 )
Serve: CSC-LAWYERS INCORPORATING )
SERVICE Co. )
7 ST. PAUL STREET )
SUITE 820 )
BALTIMORE MD 21202 )
)
& )
)
NAVIENT CORPORATION )
(Address same as registered agent) )
Serve: The Corporation Trust Company )
Corporation Trust Center )
1209 Orange Street )
Wilmington, DE, 19801 )
)
)
& )
)
SLM Private Credit Student Loan Trust )
2005-A (address same as registered agent) )
Serve: CHASE BANK USA, N.A. )
JP MORGAN CHASE, OPS4/3RDFL )
ATT: INSTITUTIONAL TRUST SERVICE )
500 STANTON CHRISTIANA ROAD )
NEWARK, DE, 19713 )
)
Defendants, )
)

Civil Case No:

CAL17-40829

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Come now the Plaintiff, Prisca O. Obeleagu ("Ms. Obeleagu"), individually on behalf of herself and all others similarly situated, by and through their counsel, Terry E. Morris Esq., Douglas N. Gottron Esq. and Morris Palerm, LLC, and bring this lawsuit against the Defendants, Navient Solutions, LLC and Navient Corporation (collectively both defendants to be referred to as "Navient"), SLM Private Credit Student Loan Trust 2005-A, ("SLM 2005 Trust") in furtherance thereof, state and aver as follows:

## I. INTRODUCTION

1. This is an action for damages is brought by Ms. Obeleagu, individually and on behalf of all other Maryland residents similarly situated, due to the illegal and systematic abuse of Maryland residents by Defendants Navient, and SLM 2005 Trust; relative to engaging in collection and collection related student loan lawsuits, without adherence to Maryland collection agency licensing and consumer protection laws, specifically, *to wit:* Maryland Consumer Protection Act ("MCPA"), MD Code, Commercial Law, § 13-101, *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), MD Code, Commercial Law, § 14-201, *et seq.*, and Maryland Collection Agency Licensing Act ("MCALA"), MD Code, Business Regulation, § 7-101, *et seq.* and Md. Code Ann., Corps. & Assn's § 12-902.

2. For all relevant periods of time to this action, specifically for the period beginning not earlier than three years prior to the date of the filing of this lawsuit, Navient has been

involved in the business of initiating and/or maintaining consumer collection actions on behalf of consumer student loan debt owner SLM 2005 Trust. Notwithstanding its status as a "collection agency" by definition under the MCALA, **Navient** has not, during said period of time, obtained and/or maintained a collection agency license issued by the Maryland Commissioner of Financial Regulation pursuant to the Maryland Collection Agency Licensing Act ("MCALA"), codified by the Maryland Business Regulation Article, MD Code, Business Regulation, § 7-101, *et seq.*, as a required condition of engaging in said activities.

## II.   JURISDICTION

3.     This court has jurisdiction over the subject matter of this action pursuant to MD Code, Courts and Judicial Proceedings, §§ 1-501, 3-403 and 4-402 in that this is a civil action within the original jurisdiction of the Court and the amount in controversy is within its jurisdictional threshold.

4.     This court has personal jurisdiction over Defendants in this action pursuant to MD Code, Courts and Judicial Proceedings, § 6-103 because the Defendants (1) transacted and/or transact business in the State of Maryland; and/or (2) caused and/or cause the tortious injuries set forth herein by acts and/or omissions in the State of Maryland.

5.     Venue is proper in the Circuit Court for Prince George's County pursuant to MD Code, Courts and Judicial Proceedings, § 6-201 in that this is an action against corporate entities, there is no venue applicable to all Defendants and the cause of action arose within Prince

George's County.

## III.  PARTIES

6.      Plaintiff, Prisca O. Obeleagu is an individual consumer currently residing in Prince George's County, Maryland, at the address set forth in the caption hereto.

7.      Defendant Navient Corporation is a loan management, servicing, and asset recovery company and is a Delaware corporation. Navient Corporation is the direct or indirect owner of Navient Solutions, LLC. At all times material to this complaint, Navient Corporation has been transacted business in the state of Maryland, whether directly or through its subsidiaries, Navient Solutions, LLC. Defendant Navient Corporation is a consumer debt collector as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA as these debts arose out of a consumer student loan accounts.

8.      Defendant Navient Solutions, LLC formally known as Navient Solutions, Inc., is a wholly-owned subsidiary of Navient Corporation, is a Delaware corporation. Navient Solutions, Inc., principally engages in servicing of federal and private student loans for more than 12 million borrowers. Navient Solutions, LLC is a consumer debt collector as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA as these debts arose out of a consumer student loan accounts.

9.      There has been significant overlap between the corporate governance and management of Navient Corporation and Navient Solutions, LLC. More specifically, many of the directors and officers of Co-Defendant Navient Solutions, LLC. have also been directors or officers of Navient Corporation.

10.     For example, as of 2014, John Remondi served as President and Chief Executive Officer for both Navient Corporation and Navient Solutions, Inc.; John Kane served as Chief

Operating Officer for both Navient Corporation and Navient Solutions, LLC.; Somsak Chivavibul served as Chief Financial Officer for both Navient Corporation and Navient Solutions, Inc.; Timothy Hynes served as Chief Risk Officer for both Navient Corporation and Navient Solutions, LLC.; and Stephen O'Connell served as Senior Vice President and Treasurer for both Navient Corporation and Navient Solutions, LLC.

11.    Co-defendant Navient Corporation also owns or leases the offices used by Co-Defendant Navient Solutions, LLC and has responsibility for the hiring of employees for Navient Solutions, Inc. and manages all compliance auditing for Navient Solutions, Inc. Navient Corporation is a consumer debt collector as defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA as these debts arose out of a consumer student loan accounts.

12.    Navient Corporation consented to, has knowledge of, has materially participated in, and/or has controlled the activities of Navient Solutions, Inc. with respect to the conduct alleged in this Complaint. Thus, Navient Corporation and Navient Solutions, LLC are alter ego of one another.

13.    Defendant, SLM Private Credit Loan Trust 2005-A ("SLM 2005 Trust") is a Delaware statutory trust whose accounts receivables and collection of said receivables are serviced by Co-Defendant Navient. SLM 2005 Trust is not registered with Maryland SDAT as a foreign trust but has yet filed numerous lawsuits in the state of Maryland Courts and has otherwise conducting substantial business in this state without the required Trust registration.

### RELEVANT FACTS

14.    The alleged debts subject to this dispute are "consumer transactions" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA as these debts arose out of a consumer student loan account.

15.     In August of 2004, Ms. Obeleagu applied for and received a student loan from the First National Bank of Sioux Falls. The principal amount borrowed was $24,200.

16.     At the time of loan commencement Plaintiff was not required to make any payments on the loan as she was currently enrolled as a full-time student.

17.     In January of 2005; Plaintiff's loan along with thousands of other Maryland residents were sold to entity, SLM Education Credit Finance Corporation. Four months later in April of 2005, SLM Education Credit Finance Corporation then sold Plaintiff's and other Maryland resident loans and rights to collect on the receivables; to Co-Defendant SLM 2005 Trust. **Exhibit 1.**

18.     In October of 2014, Plaintiff while still in graduate school full-time, began receiving collection letters and phone calls from Defendant Navient regarding her student loan account. **Exhibit 2.**

19.     Plaintiff became confused in regard to receiving these debt communications because at all times relevant she was a full-time student and thus her loan payments should have been deferred.

20.     From October of 2014 through March of 2016, while still matriculating as a full-time student Plaintiff either received a monthly collection letter from Navient or a monthly collection phone calls from the same.

21.     For all of these debt communication contacts Navient indicated that they were the owner of the debt and that all payments were to be made to Navient Collections Dept. In fact, the collection letters in **Exhibit 2** identify the debt collector as "Navient Collections".

22.     In January of 2017; Co-defendant SLM 2005 Trust filed suit against Plaintiff alleging that since 2005 they were the true owner of Plaintiff's student loan and that Plaintiff

was in default. The case was filed in this Court and assigned the following case number: CAL17-02210 ("the collection case").

23.    At the time of filing and even now SLM 2005 Trust, a Delaware statutory trust was not registered with Maryland SDAT as a foreign trust doing business in the State of Maryland.

24.    During discovery of the collection case its revealed that Navient was in fact a 3rd party debt collector for SLM 2005 Trust.

25.    It was also discovered:

- That Navient did not have a debt collection license issued by the State of Maryland.

- That Navient had no ownership interest in Co-Defendant SLM 2005 Trust.

- That Navient did not have an ownership interest in Plaintiff's loan.

- That SLM 2005 Trust has no employees, thus all actions taken on behalf of the trust was conducted unilaterally by unlicensed debt collector, Navient.

- That Navient on behalf of SLM 2005 Trust retained the services of debt collection attorneys Stillman Law Offices in order to file suit against Plaintiff.

26.    As the SLM 2005 Trust has no employees, it was thus Navient that caused the unlawful filing of the collection case against Plaintiff and thousands of other Maryland residents.

27.    A review of records reveals that Navient as an unlicensed debt collector has caused the filing of over 1,000 lawsuits in the state of Maryland in an effort to collect on consumer loans on behalf of unregistered corporate trusts.

28.    Plaintiff has paid in excess of $3000 to Navient, an unlicensed debt collector.

## A. Common Class Allegations

29.     Navient uses instrumentalities of interstate commerce and the US mails in its business the principal purpose of which is the collection of consumer loan debts and in the enforcement of debts. As such, it is a "debt collector" as defined under 15 U.S.C. § 1692a(6) and is restricted by and subject to the remedies of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

30.     On the date that the underlying student loan was assigned unto SLM 2005 Trust, Navient was engaged by contract to service said consumer debt as a 3rd party debt collector. Accordingly, Navient, was and is a "collection agency" as defined by MD Code, Business Regulation, § 7-101(d), a "collector" as defined by MD Code, Commercial Law, § 14-201(b), and a "person" as defined by MD Code, Commercial Law, § 13-101(h), and is restricted by and subject to the remedies of the Maryland Collection Agency Licensing Act ("MCALA"), MD Code, Business Regulation, § 7-101, *et seq.*, Maryland Consumer Debt Collection Act ("MCDCA"), MD Code, Commercial Law, § 14-201, *et seq.*, and, in turn, by the Maryland Consumer Protection Act ("MCPA"), MD Code, Commercial Law, § 13-101, *et seq.*, pursuant to the MCPA, MD Code, Commercial Law, § 13- 301(14)(iii).

31.     Navient routinely engages in collecting money on "consumer claims" owed by residents of and/or persons located within the State of Maryland arising from transactions in which, for a family, household, or personal purpose, such residents and/or persons sought or obtained money and/or real property, collectively as defined by MD Code, Business Regulation, § 7-101(f).

32.     Navient engages in the business of collecting "consumer claims" and is,

accordingly, a "collection agency" as defined by MD Code, Business Regulation, §7-101(d)(1).

33.     As a "collection agency" engaged in the collection of consumer claims from residents of and/or persons owning real property located within the State of Maryland, it was and is required to be licensed by the State of Maryland as a collection agency in the State of Maryland. MD Code, Business Regulation, § 7-301.

34.     As a "collector" under the MCDCA, Navient is prohibited from collecting or attempting to collect an alleged debt and/or claim or attempt to enforce a right with knowledge that the right does not exist.

35.     At all periods of time in which Navient has been engaged in the business of collecting on consumer claims from residents within the State of Maryland, it neither has obtained nor possessed a license to operate as a collection agency in contravention of the Maryland Collection Agency Licensing Act, MD Code, Business Regulation, § 7-101, *et seq.*

36.     Every collection effort engaged by Navient in the State of Maryland against residents located within the State of Maryland to include, but not be limited to, every civil action filed and/or maintained, collectively, in the Courts for the State of Maryland, and all results thereof, is an unfair and deceptive trade practice under the Maryland Consumer Debt Collection Act, MD Code, Commercial Law, § 14-202(8), and the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301(14)(iii), and, accordingly, is void. *Finch v. LVNV Funding, LLC*, 212 Md. App. 748 (2013).

37.     Every collection effort engaged by Navient in the State of Maryland against residents located within the State of Maryland to include, but not be limited to, every civil action maintained, collectively, in the Courts for the State of Maryland, and all results thereof, is void for failing to maintain and possess a collection agency license issued by the State of

Maryland in contravention of the Maryland Consumer Protection Act ("MCPA"), MD Code, Commercial Law, § 13-301(14)(iii), the Maryland Consumer Debt Collection Act ("MCDCA"), MD Code, Commercial Law, § 14-202(8), and the Maryland Collection Agency Licensing Act ("MCALA"), MD Code, Business Regulation, § 7-301(a). *Finch v. LVNV Funding, LLC*, 212 Md. App. 748 (2013).

38.    By initiating and/or maintaining collection actions against residents of and/or persons located within the State of Maryland, Navient has engaged in using false, deceptive and/or misleading representations in connection with such collection actions in violation of the FDCPA by (1) engaging in false representations as to the character, amount and/or status of any debt, 15 U.S.C. §1692e(2)(A), and (2) using a false representation and/or deceptive means of collecting and/or attempting to collect on such debts, 15 U.S.C. §1692e(10). Said actions, further, constitute an unfair practice in violation of the FDCPA by using an unfair and/or unconscionable means to collect or attempt to collect said debts, 15 U.S.C. § 1692f. Said actions, further, constitute unfair and deceptive trade practices under the Maryland Consumer Debt Collection Act, MD Code, Commercial Law, § 14-202(8), and the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301(14)(iii), by claiming and/or attempting to enforce rights with knowledge that such rights do not exist.

## IV.  CLASS ALLEGATIONS

39.    Plaintiff brings this action individually and as a statewide class action.

40.    Plaintiff seeks to certify two classes:

    A.    *Class I: All current and former student loan borrowers located within the State of Maryland against whom a collection lawsuit was initiated and/or maintained by and/or at the request of Navient within three years prior to the filing of this Complaint.*

B. *Class II: All current and former student loan borrowers located within the State of Maryland against whom a collection lawsuit was initiated and/or maintained by at the request of Navient and a judgment was entered.*

### A. **Numerosity**

41.     Navient is perhaps the largest student loan servicer in the US and thus there are over 1000 Maryland residents who have received collection communications from Navient, have been sued and who also have been sued with a judgment entered. All of the aforementioned debt collecting activity occurred while Navient was unlicensed as a Maryland Consumer debt collector. Both classes of Plaintiffs are ascertainable as the names and addresses of all class members can be identified in business records maintained by the Defendants and also by Maryland court records.

### B. **Commonality**

42.     All members of the two classes for which certification is sought (hereinafter "Classes") had their rights violated in the same manner by the same illegal actions of Navient.

43.     Common evidence, in particular (1) a list of all student loan borrowers in Maryland during the relevant period of time that received debt communication from Navient during this time period; (2) a list of all student loan borrowers that have defaulted on their obligation (3) a list of said student loan borrowers against whom a collection action was initiated and/or maintained; (4) a breakdown of all monies obtained as a result of said collection actions; Such common evidence will drive resolution of the claims of the Classes.

44.     There are common questions of law and fact which are common to the members of the Classes, including:

A.     Whether Navient has acted as a debt collection agency in the State of Maryland;

B.  Whether the Navinet was licensed to act as a debt collection agency in the State of Maryland;

C.  Whether Navient should be enjoined from continuing to act as debt collection agency without a license;

D.  Whether Navient as a 3rd party debt collector and the student loan trusts that it represents should be ordered to vacate all judgments obtained in any collection actions filed in this State.

E.  Whether Navient and the student loan trusts that it represents should be ordered to disgorge money that has been wrongfully collected while not being licensed to act as a debt collection agency;

45.  Statutory relief under the FDCPA, MCPA, MCDCA and MCALA is directed based upon the common conduct of Navient, and not the subjective, individual experiences of members of the Classes.

## C.  Typicality

46.  Plaintiffs have the same claims to statutory relief as do all other members of the Classes.

47.  Any defenses that the Defendants may have to liability, quantum of statutory damages and other remedies as are sought in this action with respect to Plaintiffs' claims would be generally applicable to all members of the Classes.

## D. Adequacy

48.     Plaintiff brings this lawsuit after an extensive investigation of the alleged misconduct of Navient.

49.     Plaintiff brings this lawsuit with the intention of stopping the unlawful practices of Navient and recovering statutory remedies for all consumers affected.

50.     Plaintiff will continue to vigorously pursue relief for the Classes.

51.     Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. Plaintiff is similarly situated with, and have suffered similar injuries as, the members of the Classes they seek to represent. Plaintiffs state and aver that Navient has acted wrongfully, wish to obtain redress of the wrongs committed, and will continue to prosecute this action to prevent Navient from perpetrating similar wrongs on others. To that end, Plaintiff has retained counsel experienced in handling class action lawsuits involving unfair business practices impacting the rights of consumers, the collection of consumer debt, and the defense of such acts and litigation. Neither Plaintiff nor her counsel has any adverse interest which might cause them not to vigorously pursue this action.

## E. Predominance/Superiority

52.     Statutory relief under the FDCPA, MCPA, MCDCA and MCALA follows from evidence that Navent acted in a manner common to the Classes and not the subjective experience of any one complainant.

53.     Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Classes.

54.     Plaintiff and Plaintiff's counsel are not aware of any other pending actions

against Navient related to engaging in collection actions without maintaining a collection agency license.

55.   The class notice mechanism provides an opportunity for uninformed members of the Classes to learn about their rights and obtain relief where they otherwise would not have.

## V.   CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT:

56.   Plaintiff and the members of all Classes reallege and incorporate the matters and facts set forth in the preceding paragraphs as if fully set forth herein.

57.   This is an action for declaratory judgment for the purpose of determining questions of actual controversy between the parties as hereinafter set forth.

58.   Navient has engaged in the following failures and illegal practices about which Plaintiff seeks a declaration from the Court:

A.   The practice by Navient and 2005 SLM Trust of (1) collecting and/or attempting to collect any consumer debt from a student loan obligor without being duly registered as a foreign trust by the State of Maryland and (2) collecting and/or attempting to collect any debt from a student loan obligor without being licensed by the State of Maryland as a collection agency, constitute false and misleading representations and/or furnishing certain deceptive forms proscribed by the FDCPA, 15 U.S.C. §§ 1692e and 1692j, and/or unfair and deceptive trade

practices proscribed by the MCPA, MD Code, Commercial Law, § 13-301.

B.   The failure of Navient to obtain and maintain a collection agency license from the State of Maryland prior to engaging in any collection is a violation of the FDCPA, 15 U.S.C.A. § 1692e, and MCALA, MD Code, Business Regulation, § 7-101, *et seq.*, and renders void any judgment

C.   The failure of Navient to obtain and maintain a collection agency license from the State of Maryland prior to claiming, attempting and/or enforcing any alleged right to collect on any debt allegedly owed by residents of the State of Maryland collectively unto it, is a violation of the MCDCA, MD Code, Commercial Law, § 14-201, *et seq.*, and constitutes an unfair and deceptive trade practice under the MCPA, MD Code, Commercial Law, § 13-101, *et seq.*

WHEREFORE, the Plaintiffs and the members of all Classes pray unto this honorable Court as follows:

(1)   That the Court certify this civil action as a class action with the Plaintiff as class representatives and her attorneys as counsel on behalf of the Class described herein;

(2)   That the Court issue a declaratory order commensurate with the foregoing failures and illegal practices of Navient as heretofore set forth;

(3)   That the Court enter an order declaring that Navient lacked authority to have filed and/or maintained (a) any consumer debt collection action, including any against Plaintiff and other class members in the Courts for the State of Maryland, and (b) any collection action against any class members in the U.S. Bankruptcy Court for the District of Maryland, or elsewhere;

(4)     That the Court enter an *omnibus* order declaring that all judgments entered for the benefit of Navient and/or any of the Delaware Trusts that Navient commenced collection efforts for that said judgments be rendered void;

(5)     That the Court enter an *omnibus* order releasing any and all liens in any real property arising as a result of all judgments entered for the benefit of Navient and/or any Delaware trust that Navient represented in any of the Courts for the State of Maryland.

(6)     That the Court enter any other and further orders and/or *omnibus* orders providing such other and further relief as the Court may deem just and appropriate under the circumstances.

## COUNT III

### FDCPA VIOLATIONS: CLASS I

59.     Plaintiff and the members of Class reallege and incorporate the matters and facts set forth in the preceding Paragraphs as is fully set forth herein.

60.     The practice by Navient of collecting and/or attempting to collect any debt from a student loan borrower without being licensed by the State of Maryland as a collection agency, constitutes false and misleading representations proscribed by the FDCPA. 15 U.S.C. § 1692e.

61.     As a result of all said actions on the part of Navient in violation of the FDCPA, Plaintiffs and the members of Class have suffered damages.

62.     As a result of all said actions on the part of Navient in violation of the FDCPA, Plaintiff and the members of Class are entitled to damages under and pursuant to the FDCPA against it.

WHEREFORE, the Plaintiffs and the members of Class I pray unto this honorable Court as follows:

(1)     That the Court certify this civil action as a class action with Plaintiff as class representatives and her attorneys as counsel on behalf of the Class described herein;

(2)     That the Court issue an award of statutory damages against Navient as set forth under 15 U.S.C. § 1692k(2);

(3)     That the Court issue an award of reasonable attorney's fees together with costs of this action; and,

(4)     That the Court enter an order providing such other and further relief as the Court may deem just and appropriate under the circumstances.

## COUNT IV

## VIOLATIONS OF MCALA, MCDCA AND MCPA: CLASS II

63.     Plaintiff and the members of Class reallege and incorporate allegations in the preceding Paragraphs as if fully set forth herein.

64.     Plaintiff has suffered injuries that are common among all Class members, specifically, collection actions have been filed and/or maintained against student loan borrowers indebted unto SLM 2005 Trust in which (1) judgments are either being sought or have been obtained and monies are being and/or have been collected from Plaintiff and Class members involuntarily by way of various garnishment actions, assertion of invalid lien rights and other collection actions throughout the Courts in the State of Maryland.

65.     The Defendants have violated the MCALA, MCDCA and MCPA and, accordingly, Plaintiff and Class members are entitled to damages under and pursuant to the

same.

WHEREFORE, the Plaintiffs and the members of Class III pray unto this honorable Court as follows:

(1)     That the Court certify this civil action as a class action with the Plaintiff as class representative and her attorneys as counsel on behalf of the Class described herein;

(2)     That the Court issue an award of damages against the Defendants in an amount equal to all monies collected from Plaintiff and Class members during the relevant period of time after a collection lawsuit was filed and/or maintained for and/or on behalf of the trust.

(3)     That the Court issue an award of reasonable attorney's fees together with costs of this action; and,

(4)     That the Court issue an award for emotional damages sustained by Plaintiff and the class.

(5)     That the Court enter an order providing such other and further relief as the Court may deem just and appropriate under the circumstances.

## COUNT V

### UNJUST ENRICHMENT: CLASS II

66.     Plaintiff and the class realleges and incorporate allegation in the preceding paragraphs as if fully set forth herein.

67.     Navient while unlicensed as a debt collector, collected monies through the initiation and/or maintenance of collection actions during the three years prior to the filing of this lawsuit.

68.     SLM 2005 trust and many other Delaware trusts benefitted through the receipt of collection monies obtained as a result of collection actions initiated and/or maintained on its behalf to which it was not entitled by law.

69.     SLM 2005 Trust secured a substantial benefit as a result of said actions.

70.     SLM 2005 Trust was aware that Navient did not possess a debt collection license while acting for their benefit

71.     That the Defendants have come into possession of money in the form of payments that it had no right to receive or retain, both in law and in equity.

72.     It would be inequitable for the Defendants to retain any such funds to which it had no legal right.

73.     As a direct consequence, Plaintiff and the members of the Class have been damaged.

WHEREFORE, the Plaintiff and the members of Class III pray unto this honorable Court as follows:

(1)     That the Court certify this civil action as a class action with the Plaintiffs as class representatives and their attorneys as counsel on behalf of the Class described herein;

(2)     That the Court issue an award of damages against the Defendants in an amount equal to all monies collected by it through the initiation and/or maintenance of collection actions during the relevant period of time;

(3)     That the Court issue an award of punitive damages in such amount as shall be deemed just and appropriate bearing in mind the amount of monies wrongfully received and/or collected and the net worth of the Defendants.

(4)     That the Court issue an award of reasonable attorney's fees together with costs of
this action; and,

(5)     That the Court enter an order providing such other and further relief as the Court
may deem just and appropriate under the circumstances.

## COUNT VI
## CONSPIRACY
## ALL DEFENDANTS

### All Defendants

74.     Plaintiff and the class reallege and incorporate the allegations in the preceding
paragraphs as if fully set forth herein.

75.     Defendants have not undertaken the above practices and activities in isolation, but
instead have done so as part of a common scheme and conspiracy.

76.     More specifically, each Defendant and members of the conspiracy, with knowledge
and intent, agreed to the overall objective of the conspiracy, agreed to commit acts which were in
violation of Maryland debt collection licensing laws.

77.     Defendant SLM 2005 Trust and Navient agreed to enter into a debt collection
servicing agreement with Navient, with each party knowing full well that Navient did not possess
the required debt collection licensed issued by State of Maryland.

78.     Alternatively, SLM 2005 Trust knew that Navient, its retained debt collector did not
possess a valid debt collection license issued by the State of Maryland, but nonetheless agreed to
allow Navient to file unlawful lawsuits for its benefit.

79.     The defendants' unlawful agreement acts to engage in misdemeanor debt collection
activity is and was the proximate cause of damages sustained by Plaintiff and the class.

WHEREFORE, the Plaintiff and members of Class pray unto this honorable Court as follows:

(6)  That the Court issue an award of damages against the Defendants in an amount equal to all monies collected by it through the initiation and/or maintenance of collection actions during the relevant period of time;

(7)  That the Court issue an award of punitive damages in such amount as shall be deemed just and appropriate bearing in mind the amount of monies wrongfully collected.

(8)  That the Court issue an award of reasonable attorney's fees together with costs of this action; and,

(9)  That the Court enter an order providing such other and further relief as the Court may deem just and appropriate under the circumstances.

Respectfully submitted,

MORRIS PALERM, LLC

Date: December 18, 2017

Douglas N. Gottron
2 Barrister's Place
751 Rockville Pike
Rockville, Maryland 20852
Tel: (301) 424-6290
eMail: dgottron@morrispalerm.com

Date: December 18, 2017

Terry E. Morris
2 Barrister's Place
751 Rockville Pike
Rockville, Maryland 20852
Tel: (301) 424-6290
eMail: tmorris@morrispalerm.com