**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt)**

PRISCA O. OBELEAGU, individually and
on behalf of all similarly situated persons

                Plaintiff,

                CIVIL ACTION NO: 8:18-cv-00392-PX

       v.

NAVIENT SOLUTIONS, LLC, *et al.*

                Defendants.

**JOINT MEMORANDUM
REGARDING INDIVIDUAL SETTLEMENT AND DISMISSAL OF ACTION**

      Plaintiff Prisca O. Obeleagu ("Lead Plaintiff") and Defendants Navient Solutions, LLC, Navient Corporation and SLM Private Credit Student Loan Trust 2005-A (collectively, "Defendants"), at the request of the Court, and by and through their respective counsel, submit this joint memorandum concerning the Court's authority to dismiss this class action -- prior to the certification of any class -- following settlement of Lead Plaintiff's claim on an individual basis. Having agreed to settle and release Lead Plaintiff's individual claim only, the parties now seek to have this action dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Because no class has been certified in this action and the parties *do not* propose to certify any class for purposes of the settlement (*see* Fed. R. 23(e)) -- *i.e.*, only Lead Plaintiff's claim will be settled and released -- this matter may be voluntarily dismissed by joint stipulation under Rule 41(a)(1)(A)(ii). Accordingly, Court approval of neither the settlement nor the request for voluntary dismissal is required.

## PROCEDURAL AND LITIGATION HISTORY

On December 19, 2017, Lead Plaintiff filed a Class Action Complaint against Defendants in the Circuit Court for Prince George's County, Maryland, captioned *Prisca O. Obeleagu v. Navient Solutions, LLC, et al.*, Case No. CAL 17-40829. On February 7, 2018, NSL removed the case to the United States District Court for the District of Maryland, Case No. 8:18-cv-00392-PX. In her Complaint, Lead Plaintiff avers that Defendants violated the Maryland Consumer Protection Act, Maryland Consumer Debt Collection Act, Maryland Code, Commercial Law, § 14-201, Maryland Collection Agency Licensing Act, MD Code, Business Regulation § 7-101 and MD Code Ann. Corps. & Assn's § 12-902 by allegedly engaging in debt collection activities without a debt collection license.

On March 20, 2018, Defendants responded to the Complaint. From October 15, 2018 through March 4, 2019, the parties engaged in pre-class certification discovery. At the conclusion of discovery, the parties jointly decided that settling this matter on an individual basis was prudent. On June 21, 2019, the parties reached a settlement on an individual basis for Lead Plaintiff only. Having settled Lead Plaintiff's claim, and no class having been certified, the parties now wish to have the matter dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

## THIS ACTION MAY BE DISMISSED
## PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that an action may be dismissed without a Court Order, subject to Rule 23(e) and other provisions not applicable here, upon the plaintiff's filing of "a stipulation of dismissal signed by all parties who have appeared." Federal Rule of Civil Procedure 23(e) provides that the "claims, issues, or defenses of a *certified class -- or a class proposed to be certified* for purposes of settlement -- may be settled, voluntarily dismissed, or compromised only with the court's approval." (Emphasis added.) Thus, where there is no

"certified class" and no "class proposed to be certified for purposes of the settlement," as here, Rule 23(e) is not implicated.

In *Withrow v. Enterprise Holdings, Inc.*, another district court in the Fourth Circuit discussed a court's authority to dismiss a class action prior to class certification under Rule 41. *See* No. CIV.A. 3:09-1543, 2010 WL 3359686, at *4 (S.D.W. Va. Aug. 20, 2010). *Withrow* explained that in 2003:

> Rule 23(e) was amended to include the phrase "certified class." Prior to 2003, "[s]everal courts … had concluded the supervisory guarantees of the former Rule 23(e) applied in the pre-certification context." *Weiss v. Regal Collections*, 385 F.3d 337, 349 n. 21 (3rd Cir. 2004) (citation omitted). In amending the Rule, the Advisory Committee Notes stated that the amendment
>
>> resolves the ambiguity in former 23(e)'s reference to dismissal or compromise of a "class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by settlement, voluntary dismissal, or compromise.
>
> Fed. R. Civ. P. 23(e) 2003 advisory committee note (emphasis added). Since the amendment, several courts have held that "settlements or voluntary dismissals that occur before class certifications are outside the scope of [Rule 23]." *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006) (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1797 (3d ed. 1998 & Supp. 2006)); *see also Logue v. Nissan N. Am., Inc.*, No. 08–2023–STA/dkv, 2008 WL 2987184, *3 (W.D. Tenn. July 30, 2008) (stating "voluntary dismissal without court order pursuant to Rule 41(a)(1) remains available to plaintiffs before their putative class is certified" (footnote omitted)); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07–CV–592–JPG, 2007 WL 2908918, *1 (S.D. Ill. Oct. 4, 2007) (finding "[b]ecause no class has been certified … the question of voluntary dismissal … is governed not by Rule 23 but by Rule 41").

*Id.* (footnote omitted). Thus, *Withrow* held that because the class there "was never certified,… there was no impediment to the parties voluntarily dismissing the action under Rule 41(a)(1)(A)(ii)." *Id.*

As in *Withrow*, here, no class has been certified and the parties do not propose to certify a class for settlement purposes -- *i.e.*, only Lead Plaintiff's individual claim will be settled and released. And prior to agreeing to resolve Lead Plaintiff's claim, the parties conducted extensive discovery and engaged in arms-length settlement negotiations. Through these efforts, the parties agreed to settle this action on an individual basis only. In other words, any potential claims by putative class members will be unaffected by the settlement. As a result, this matter may be dismissed, without Court approval, upon stipulation by the parties under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated: July 26, 2019

| | |
|---|---|
| Respectfully submitted,<br>MORRIS PALERM, LLC | Respectfully submitted,<br>GREENBERG TRAURIG, LLP |
| By:  */s/  Terry E. Morris*<br>    Douglas N. Gottron (Bar No. 06881)<br>    dgottron@morrispalerm.com<br>    Terry E. Morris (Bar No. 17735)<br>    tmorris@morrispalerm.com<br>    MORRIS PALERM, LLC<br>    2 Barrister's Place<br>    751 Rockville Pike<br>    Rockville, Maryland 20852<br>    Telephone: (301) 424-6290<br><br>    *Counsel for Plaintiff* | By:  */s/  Lisa M. Simonetti*<br>    Lisa M. Simonetti (*pro hac vice*)<br>    simonettil@gtlaw.com<br>    GREENBERG TRAURIG, LLP<br>    1840 Century Park East, Suite 1900<br>    Los Angeles, CA 90067<br>    Tel: (310) 586-7700<br><br>    Geoffrey M. Gamble (Bar No. 28919)<br>    geoff.gamble@saul.com<br>    SAUL EWING ARNSTEIN &<br>     LEHR LLP<br>    Lockwood Place<br>    500 E. Pratt Street – 8th Floor<br>    Baltimore, Maryland 21202<br>    Telephone: (410) 332-8975<br><br>    *Counsel for Defendants* |